**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

---

In re:

Kidney and Hypertension Center, PLC
d/b/a Grand Forks Clinic,
The Medical Group, LLC,
North Dakota Dialysis, LLC,
Aurora Dialysis, LLC,
Kidney Institute of North Dakota, LLC,
KDJ Investment Group, LLC, and
KDJ Properties, LLC,

Debtors.[1]

**Jointly Administered**

Case No.: 26-30886
Case No.: 26-30888
Case No.: 26-30889
Case No.: 26-30890
Case No.: 26-30891
Case No.: 26-30892
Case No.: 26-30893

Chapter 11 Cases

---

**INTERIM ORDER AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNTS AND CHECK STOCK AND CONTINUED USE OF CASH MANAGEMENT SYSTEM**

---

Debtors Kidney and Hypertension Center, PLC d/b/a Grand Forks Clinic, The Medical Group, LLC, North Dakota Dialysis, LLC, Aurora Dialysis, LLC, Kidney Institute of North Dakota, LLC, KDJ Investment Group, LLC, and KDJ Properties, LLC filed a Motion for Order Authorizing Maintenance of Existing Bank Accounts and Check Stock

[1] In accordance with Fed. R. Bankr. P. 2002(n) and 1005 and 11 U.S.C. § 342(c), as applicable, Debtors' addresses and Employer Identification Numbers (EINs) are as follows: Kidney and Hypertension Center, PLC d/b/a Grand Forks Clinic (EIN #0821); The Medical Group, LLC (EIN #3765); North Dakota Dialysis, LLC (EIN #3768); Kidney Institute of North Dakota, LLC (EIN #6471); and KDJ Investment Group, LLC (EIN #2199), each located at 5750 S Washington Street, Grand Forks, ND 58201. Aurora Dialysis, LLC (EIN #8084) is located at 1451 44th Avenue South, Suite 104D, Grand Forks, ND 58201, and KDJ Properties, LLC (EIN #1920) is located at 645 Beacon Circle, Grand Forks, ND 58201.

and Continued Use of Cash Management System. Doc. 11.[2] Debtors served notice of the motion.

The Court held a preliminary hearing on the motion on October 23, 2026. For reasons stated on the record, the Court finds cause for granting Debtors the relief they seek on an interim basis.

**THEREFORE, IT IS ORDERED:**

1. The motion is granted on an interim basis.

2. Debtors are authorized to designate, maintain, and continue to use, with the same account numbers, the following bank accounts:

| Debtor | Bank | Account Type | Purpose | Account No. |
|---|---|---|---|---|
| **Kidney and Hypertension Center, PLC d/b/a Grand Forks Clinic** | Choice Bank | Operating Account | Everyday Transactions | *3794 |
| **The Medical Group, LLC** | Choice Bank | Checking Account | Self-Pay Services | *5900 |
| **North Dakota Dialysis, LLC** | Choice Bank | Checking Account | Private Loan Transactions | *0809 |
| **Aurora Dialysis, LLC** | Choice Bank | Operating Account | Everyday Transactions | *3816 |
| | | Checking Account | Patient Assistance and Medical Equipment Purchases | *3896 |
| **Kidney Institute of North Dakota, LLC** | Choice Bank | Operating Account | Everyday Transactions | *8056 |

[2] The Court granted Debtors' motion to jointly administer the cases and all docket references refer to the docket of In re Kidney & Hypertension Center, PLC d/b/a Grand Forks Clinic, Case No. 26-30886, unless otherwise noted.

| Debtor | Bank | Account Type | Purpose | Account No. |
|---|---|---|---|---|
| **KDJ Investment Group, LLC** | Choice Bank | Checking Account | Initial Construction Account | *5004 |
| **KDJ Properties, LLC** | United Valley Bank | Checking Account | Payments on Residence Property | *9433 |

(together, the "Bank Accounts").

3. To create a clear delineation between checks issued prepetition and checks issued postpetition, Debtors agree to create a conspicuous gap in the numbering sequence. Debtors will also use a "Debtor in Possession" designation as necessary. Debtors are authorized to treat the Bank Accounts for all purposes as accounts of Debtors as debtors in possession.

4. Choice Bank and United Valley Bank (collectively, "the Banks") are authorized to continue to service and administer the Bank Accounts as accounts of Debtors as debtors in possession without interruption and in the usual and ordinary course. The Banks are authorized to service and administer the Bank Accounts in compliance with the requirements provided in 11 U.S.C. § 345.

5. If Debtors' deposits at the Banks exceed the amount insured by the Federal Deposit Insurance Corporation (FDIC), Debtors will move the balances to an institution that has agreed to secure the accounts as provided in 11 U.S.C. § 345(b).

6. The Banks are authorized to receive, process, honor, and pay any and all checks and drafts drawn on the Bank Accounts after the Petition Date by the holders or makers of the checks and drafts; provided, however, that the Banks may not honor and pay any check drawn or used by Debtors before October 16, 2026, for which Debtors have placed a stop payment in writing.

7. The Banks are further authorized to debit Debtors' Bank Accounts in the ordinary course of business without need for further order of this Court for: (a) all checks, items, and other payment orders drawn on the Bank Accounts which are cashed at the Banks' counters or exchanged for cashier's checks by the payees thereof prior to the Banks' receipt of notice of filing of the petition; (b) all checks, ACH entries, and other items deposited or credited to one of Debtors' Bank Accounts with the Banks prior to filing of the petition which have been dishonored, reversed, or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent Debtors were responsible for these items prior to filing of the petition; and (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to the Banks as service charges for the maintenance of the cash management system and Bank Accounts.

8. The Banks may rely on the representations of Debtors with respect to whether any check, item, or other payment order drawn or issued by Debtors prior to filing of the petition should be honored pursuant to this or any other order of this Court, and the Banks will not have any liability to any party for relying on the representations by Debtors as provided for in this Order.

9. Debtors are authorized to close their additional bank accounts held with First Western State Bank and PNC Bank and transfer any funds held within those accounts to the Bank Accounts.

10. A final hearing on the Motion will be held on **November 5, 2024, at 1:00 p.m. (Central)** in Courtroom # 3, Second Floor, Quentin N. Burdick United States

Courthouse, 655 First Avenue North, Fargo, North Dakota. The deadline to file an objection to final relief is **Wednesday, November 4, 2026**. If the Court receives no objections to the motion or if the objections are withdrawn, the Court may enter an order granting the relief requested and cancelling the hearing.

Dated: October 23, 2026.

SHON HASTINGS, JUDGE
UNITED STATES BANKRUPTCY COURT