**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

---

In re:

Kidney and Hypertension Center, PLC
d/b/a Grand Forks Clinic;
The Medical Group, LLC;
North Dakota Dialysis, LLC;
Aurora Dialysis, LLC;
Kidney Institute of North Dakota, LLC;
KDJ Investment Group, LLC;
KDJ Properties, LLC,

Debtors.[1]

**Jointly Administered**

Case No.: 26-30886
Case No.: 26-30888
Case No.: 26-30889
Case No.: 26-30890
Case No.: 26-30891
Case No.: 26-30892
Case No.: 26-30893

Chapter 11 Cases

---

**ORDER AUTHORIZING DEBTORS TO PAY ACCRUED AND OUTSTANDING PREPETITION EMPLOYEE COMPENSATION, BENEFITS, AND RELATED AMOUNTS**

---

Debtors Kidney and Hypertension Center, PLC d/b/a Grand Forks Clinic, The Medical Group, LLC, North Dakota Dialysis, LLC, Aurora Dialysis, LLC, Kidney Institute of North Dakota, LLC, KDJ Investment Group, LLC, and KDJ Properties, LLC filed a Motion for Order Authorizing Debtors to Pay Accrued and Outstanding Prepetition

---

[1] In accordance with Fed. R. Bankr. P. 2002(n) and 1005 and 11 U.S.C. § 342(c), as applicable, Debtors' addresses and Employer Identification Numbers (EINs) are as follows: Kidney and Hypertension Center, PLC d/b/a Grand Forks Clinic (EIN #0821); The Medical Group, LLC (EIN #3765); North Dakota Dialysis, LLC (EIN #3768); Kidney Institute of North Dakota, LLC (EIN #6471); and KDJ Investment Group, LLC (EIN #2199), each located at 5750 S Washington Street, Grand Forks, ND 58201. Aurora Dialysis, LLC (EIN #8084) is located at 1451 44th Avenue South, Suite 104D, Grand Forks, ND 58201, and KDJ Properties, LLC (EIN #1920) is located at 645 Beacon Circle, Grand Forks, ND 58201.

Employee Compensation, Benefits, and Related Amounts. Doc. 10.[2] Debtors served notice of the motion.

The Court held a preliminary hearing on the Motion on October 23, 2026, and granted interim relief on the motion. The Court received no objections during the 21-day notice period.

Upon review of the motion, Affidavit of Dr. Khaled Rabadi, the Declaration of Dr. Khaled Rabadi, and the Supplemental Declaration of Dr. Khaled Rabadi, the Court finds cause for granting Debtors the relief they seek. Specifically, the Court finds that paying accrued but unpaid prepetition wages, along with production bonuses owed to two key employees, up to the $17,150 priority limitation provided by 11 U.S.C. § 507(a)(4), is necessary to protect and preserve the estates, critical to the operation of Debtors' businesses, and in the best interests of Debtors' estates, their creditors, and other parties in interest. It also finds that payment of the prepetition wages listed in the motion is necessary to avoid immediate and irreparable harm.

**THEREFORE, IT IS ORDERED:**

1. The motion is granted.

2. Debtors are authorized to pay their employees for prepetition payroll obligations outlined in the motion.

3. Debtors are authorized to pay prepetition bonus amounts owed to employees up to the $17,150 priority limitation provided by 11 U.S.C. § 507(a)(4).

4. Debtors are authorized to continue making the benefit payments and offering their benefit policies described in the motion.

---

[2] The Court granted Debtors' motion to jointly administer the cases and all docket references refer to the docket of In re Kidney & Hypertension Center, PLC d/b/a Grand Forks Clinic, Case No. 26-30886, unless otherwise noted.

5. Debtors are authorized to continue their ordinary course paid time off policies and honor paid time off that was accrued or otherwise earned prepetition.

6. Debtors are authorized to reimburse their employees for expenses (including prepetition expenses) pursuant to their prepetition practices and policies.

7. Debtors are authorized to pay to the appropriate recipients any sums Debtors deducted prepetition or will deduct from the payments paid pursuant to this Order.

8. Debtors are not authorized to make any payments in excess of the priority amounts identified in 11 U.S.C. §§ 507(a)(4) and (5).

9. The financial institutions at which Debtors maintain payroll and operating accounts are authorized to honor all instruments presented in payment of any obligations approved by this Order.

10. The hearing scheduled for November 17, 2026, is cancelled.

Dated: November 13, 2026.

Shon Hastings

SHON HASTINGS, JUDGE
UNITED STATES BANKRUPTCY COURT