**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| **In re:** | **Jointly Administered** |
| **Kidney and Hypertension Center, PLC d/b/a Grand Forks Clinic, The Medical Group, LLC, North Dakota Dialysis, LLC, Aurora Dialysis, LLC, Kidney Institute of North Dakota, LLC, KDJ Investment Group, LLC, and KDJ Properties, LLC,** | **Case No.: 26-30886**<br>**Case No.: 26-30888**<br>**Case No.: 26-30889**<br>**Case No.: 26-30890**<br>**Case No.: 26-30891**<br>**Case No.: 26-30892**<br>**Case No.: 26-30893** |
| **Debtors.** | **Chapter 11 Cases** |

# OBJECTION TO APPLICATION TO APPROVE RETENTION AND EMPLOYMENT OF FREDRIKSON & BYRON P.A.

Mary R. Jensen, Acting United States Trustee for Region 12 ("UST"), files this objection to the employment application noted in the caption above:

1. The UST objects to the employment application because Fredrikson & Byron, P.A. ("Fredrikson") recently provided new information indicating that it is not a disinterested person. The lack of disinterestedness disqualifies Fredrikson from serving as counsel to the debtors.

2. The Bankruptcy Code permits the trustee[1] to employ an attorney if the attorney is a "disinterested person." *See* 11 U.S.C. § 327(a). The Code further states that a "disinterested person means a person that—(A) is

[1] A chapter 11 debtor in possession enjoys most of the same powers as a chapter 11 trustee, including the power to employ professionals under Section 327. *See* 11 U.S.C. § 1107(a).

not a creditor." *Id.* § 101(14). The Eighth Circuit has plainly stated that a professional who holds a prepetition claim against the debtor is not disinterested. *See In re Pierce*, 809 F.2d 1356, 1362 (8th Cir. 1987) ("Although McEwen's argument is not without merit, the intent of the statute is clear; if a professional is a creditor, then that person is not disinterested under 11 U.S.C. § 101(13) and is subject to disqualification under Section 327(a)."). *Pierce* remains good law in the Eighth Circuit and in this District. *See, e.g.*, *In re Mahendra*, 131 F.3d 750, 756 (8th Cir. 1997); *In re Classic Roadsters, Ltd.*, 150 B.R. 751, 752-53 (Bankr. D. N.D. 1993).

3. Here, the supplemental declaration of Steven R. Kinsella, #59, filed on November 16, 2026, discloses that Fredrikson is a creditor of the debtors. The debtors owe Fredrikson approximately $5,000 for pre-petition services. Under the rule articulated in Sections 327(a) and 101(14), Fredrikson cannot continue as counsel for the debtors unless it waives its pre-petition claim against the debtors. Although the rule may be inconvenient, "the professional's complaint in this area lies with Congress, not the courts." *Pierce*, 809 F.2d at 1363.

4. The UST is also mindful that the Court already entered an order, #42, on November 5, 2026, approving Fredrikson's employment application, due in part to the lack of a previous timely objection to Fredrikson's

employment application. The UST did not file a prior objection because it anticipated that Fredrikson would supplement its disclosure to advise of the precise nature of its pre-petition claim, or it would waive the claim. In the interim, the Court approved the employment application. Per the UST's discussions with Fredrikson, Fredrikson has agreed not to contest the timeliness of the UST's objection due to the ongoing discussions between the parties regarding its employment application. The UST thus requests that the Court rule on the UST's objection as if it were timely filed.

5. In the alternative, the UST requests that the Court vacate its prior order approving Fredrikson's employment application under Fed. R. Civ. P. 60(b)(2), as incorporated by Fed. R. Bankr. P. 9024. The disclosure constitutes newly discovered evidence that was not available when the Court entered its prior order approving the employment. Also in the alternative, the Court may disqualify Fredrikson from its representation of the debtors due to the new information contained in the supplemental disclosure. *See Pierce*, 809 F.2d at 1363 (noting that "under Section 327(a), an attorney may be disqualified not only because he or she is not disinterested, but also because the attorney holds an 'interest adverse to the estate'").

6. For all of those reasons, the Court should not approve Fredrikson's employment application. In the alternative, the Court should vacate its prior order approving the employment, or it should disqualify Fredrikson as counsel for the debtors.

Dated: November 17, 2026

MARY R. JENSEN
ACTING UNITED
STATES TRUSTEE
Region 12

s/ Colin Kreuziger
Colin Kreuziger
MN Atty. No. 0386834
Trial Attorney
United States Department of Justice
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 334-1360
Colin.Kreuziger@usdoj.gov